

1  Steven G. Sklaver
   California State Bar No. 237612
2  SUSMAN GODFREY L.L.P.
   1901 Avenue of the Stars, Suite 950
3  Los Angeles, CA 90067
   Telephone: (310) 789-3100
4  Fax: (310) 789-3150
   Email: ssklaver@susmangodfrey.com
5
   Max L. Tribble
6  (*Pro Hac Vice* Application to be submitted)
   Vineet Bhatia
7  (*Pro Hac Vice* Application to be submitted)
   Sandeep Seth
8  (*Pro Hac Vice* Application to be submitted)
   SUSMAN GODFREY L.L.P.
9  1000 Louisiana, Suite 5100
   Houston, TX 77002
10 Telephone: (713) 651-9366
   Fax: (713) 654-6666
11 Email: mtribble@susmangodfrey.com
   Email: vbhatia@susmangodfrey.com
12 Email: sseth@susmangodfrey.com

13 *Attorneys for Sentius International, LLC*

14
                UNITED STATES DISTRICT COURT
15
                NORTHERN DISTRICT OF CALIFORNIA
16
                                            C 13  0825
17 SENTIUS INTERNATIONAL, LLC,       | Case No.
18         Plaintiff,                 |
19   vs.                              | **COMPLAINT FOR PATENT
                                      | INFRINGEMENT AND DECLARATORY
20 MICROSOFT CORPORATION,             | JUDGMENT**
21         Defendant.                 | **JURY TRIAL DEMANDED**
22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT
AND DECLARATORY JUDGMENT                    -1-

## THE PARTIES

1. Sentius International, LLC ("Sentius") is a limited liability company organized and existing under the laws of the State of Virginia, having a principal place of business at 8300 Greensboro Drive, Suite 800, McLean Virginia 22102.

2. Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at One Microsoft Way, Redmond, Washington 98052-6399.

## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any act of Congress relating to patents and trademarks).

4. This Court has personal jurisdiction over Microsoft because it has committed and continues to commits acts of infringement in violation of 35 U.S.C. § 271 and places infringing product into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. Upon information and belief, Microsoft derives substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, maintains regular offices in this District, and derives substantial revenue from interstate and international commerce.

## VENUE

5. Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Microsoft transacts business within this District and offers for sale in this District products that infringe the Sentius patents and maintains regular offices in this District. In addition, venue is proper because Sentius has suffered harm in this District and because the patented technology was developed in this District by Sentius Corporation, the parent of Sentius, who did business in this District and assigned the patented technology to Sentius.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '985 Patent)

6. On March 2, 2010, United States Patent No. 7,672,985 ("the '985 Patent") was duly and legally issued for an invention titled "Automated Creation and Delivery of Database Content." Sentius is the assignee and owner of the '985 Patent and holds all rights and interests in the '985 Patent. The '985 Patent discloses a novel method and system for linking data objects to terms of interest such as misspelled words found in parsed documents and for displaying such linked data objects. A true and correct copy of the '985 patent is attached hereto as Exhibit A.

7. On information and belief, Microsoft has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '985 Patent in making, offering for sale, and selling in the United States the Microsoft Office suite and its component programs such as Microsoft Word that use a "contextual reference engine" to parse content and to associate specific data objects to content for display in pop-up screens. Upon information and belief, the contextual reference engine is used to provide such features as Spell Check, Autocorrect, Grammar Check, Synonyms, and Actions (previously referred to as Smart Tags) in Microsoft products. Microsoft's infringing activities of making, using, selling, importing and offering for sale products which incorporate the reference engine or its substantial equivalent violate 35 U.S.C. § 271.

8. Sentius is informed and believes, and on that basis alleges, that Microsoft's infringement of the '985 patent is, has been, and continues to be intentional, deliberate, willful and without regard to Sentius' rights because Microsoft has had actual knowledge of the '985 patent and its infringement.

9. Sentius is informed and believes, and on that basis alleges, that Microsoft has gained profits by virtue of its infringement of the '985 Patent.

10. Sentius has sustained damages as a direct and proximate result of Microsoft's infringement of the '985 Patent.

11. Sentius will suffer and is suffering irreparable harm from Microsoft's infringement of the '985 Patent. Sentius has no adequate remedy at law and is entitled to an injunction against Microsoft's continuing infringement of the '985 Patent. Unless enjoined, Microsoft will continue its infringing conduct.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '349 Patent)

12. On July 3, 2012, United States Patent No. 8,214,349 ("the '349 Patent") was duly and legally issued for an invention titled "Automated Creation and Delivery of Database Content." Sentius is the assignee and owner of the '349 Patent and holds all rights and interests in the '349 Patent. The '349 Patent discloses a novel method and system for linking data objects to terms of interest such as misspelled words found in parsed documents and for displaying such linked data objects. A true and correct copy of the '349 patent is attached hereto as Exhibit B.

13. On information and belief, Microsoft has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '349 Patent in making, offering for sale, and selling in the United States the Microsoft Office suite and its component programs such as Microsoft Word that use a "contextual reference engine" to parse content and to associate specific data objects to content for display in pop-up screens. Upon information and belief, the contextual reference engine is used to provide such features as Spell Check, Autocorrect, Grammar Check, Synonyms, and Actions (previously referred to as Smart Tags) in Microsoft products. Microsoft's infringing activities in making, using, selling, importing and offering for sale products which incorporate the reference engine or its substantial equivalent violate 35 U.S.C. § 271.

14. Sentius is informed and believes, and on that basis alleges, that Microsoft's infringement of the '349 patent is, has been, and continues to be intentional, deliberate, willful and without regard to Sentius' rights because Microsoft has had actual knowledge of the '349 patent and its infringement.

15. Sentius is informed and believes, and on that basis alleges, that Microsoft has gained profits by virtue of its infringement of the '349 Patent.

16. Sentius has sustained damages as a direct and proximate result of Microsoft's infringement of the '349 Patent.

17. Sentius will suffer and is suffering irreparable harm from Microsoft's infringement of the '985 Patent. Sentius has no adequate remedy at law and is entitled to an injunction against Microsoft's continuing infringement of the '349 Patent. Unless enjoined, Microsoft will continue its infringing conduct.

### THIRD CLAIM FOR RELIEF

### (Infringement of the '731 Reissue Patent)

18. On June 9, 2009, United States Reissue Patent No. RE 40,731 ("the '731 Patent") was duly and legally issued for an invention titled "System and Method for Linking Streams of Multimedia Data to Reference Material for Display." The '731 Patent discloses a novel method and system for linking data objects to terms of interest such as misspelled words found in parsed documents and for displaying such linked data objects. A true and correct copy of the '731 patent is attached hereto as Exhibit C.

19. On information and belief, Microsoft has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '731 Patent in making, offering for sale, and selling in the United States the Microsoft Office suite and its component programs such as Microsoft Word that use a "contextual reference engine" to parse content and to associate specific data objects to content for display in pop-up screens. Upon information and belief, the contextual reference engine is used to provide such features as Spell Check, Autocorrect, Grammar Check, Synonyms, and Actions (previously referred to as Smart Tags) in Microsoft products. Microsoft's infringing activities in making, using, selling, importing and offering for sale products which incorporate the reference engine or its substantial equivalent violate 35 U.S.C. § 271.

20. Sentius is informed and believes, and on that basis alleges, that Microsoft's infringement of the '731 patent is, has been, and continues to be intentional, deliberate, willful and without regard to Sentius' rights because Microsoft has had actual knowledge of the '731 patent and its infringement thereof.

21. Sentius is informed and believes, and on that basis alleges, that Microsoft has gained profits by virtue of its infringement of the '731 Patent.

22. Sentius has sustained damages as a direct and proximate result of Microsoft's infringement of the '731 Patent.

23. Sentius will suffer and is suffering irreparable harm from Microsoft's infringement of the '731 Patent. Sentius has no adequate remedy at law and is entitled to an injunction against Microsoft's continuing infringement of the '731 Patent. Unless enjoined, Microsoft will continue its infringing conduct.

## FOURTH CLAIM FOR RELIEF

### (Infringement of the '633 Reissue Patent)

24. On September 4, 2012, United States Reissue Patent No. RE 43,633 ("the '633 Patent") was duly and legally issued for an invention titled "System and Method for Linking Streams of Multimedia Data to Reference Material for Display." The '633 Patent discloses a novel method and system for linking data objects to terms of interest such as misspelled words found in parsed documents and for displaying such linked data objects. A true and correct copy of the '633 patent is attached hereto as Exhibit D.

25. On information and belief, Microsoft has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '633 Patent in making, offering for sale, and selling in the United States the Microsoft Office suite and its component programs such as Microsoft Word that use a "contextual reference engine" to parse content and to associate specific data objects to content for display in pop-up screens. Upon information and belief, the contextual reference engine is used to provide such features as Spell Check, Autocorrect, Grammar Check, Synonyms, and Actions (previously referred to as Smart Tags) in Microsoft products. Microsoft's infringing activities in making, using, selling, importing and offering for sale products which incorporate the reference engine or its substantial equivalent violate 35 U.S.C. § 271.

26. Sentius is informed and believes, and on that basis alleges, that Microsoft's infringement of the '633 patent is, has been, and continues to be intentional, deliberate, willful

and without regard to Sentius' rights because Microsoft has had actual knowledge of the '633 patent and its infringement thereof.

27. Sentius is informed and believes, and on that basis alleges, that Microsoft has gained profits by virtue of its infringement of the '633 Patent.

28. Sentius has sustained damages as a direct and proximate result of Microsoft's infringement of the '633 Patent.

29. Sentius will suffer and is suffering irreparable harm from Microsoft's infringement of the '633 Patent. Sentius has no adequate remedy at law and is entitled to an injunction against Microsoft's continuing infringement of the '633 Patent. Unless enjoined, Microsoft will continue its infringing conduct.

## PRAYER FOR RELIEF

Sentius respectfully requests that:

A. Judgment be entered that each of Sentius' patents is valid and enforceable.

B. Judgment be entered that Microsoft has infringed one or more claims of each of the '985 Patent, '349 Patent, '731 Patent and '633 Patent;

C. Judgment be entered permanently enjoining Microsoft Corporation, its directors, officers, agents, servants, and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement of the '985 Patent, '349 Patent, '731 Patent and '633 Patent;

D. Judgment be entered awarding Sentius all actual damages adequate to compensate Sentius for Microsoft's infringement of the '985 Patent, '349 Patent, '731 Patent and '633 Patent, and in no event less than a reasonable royalty for Microsoft's acts of infringement, including all pre-judgment and post-judgment interest on all damages awarded for infringement at the maximum rate permitted by law;

E. Judgment be entered for treble damages based upon any infringement found to be willful, pursuant to 35 U.S.C. §284, together with prejudgment interest;

F.  Judgment be entered declaring the case exceptional and awarding Sentius costs and reasonable attorneys' fees as provided by 35 U.S.C. §285;

G.  Such other, further, and different relief as law or equity may require, and that the Court may deem just and proper in these circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sentius hereby demands trial by jury on all issues raised by the Complaint.

Dated: February 22, 2013

By: /s/ Steven G. Sklaver
Steven G. Sklaver
California State Bar No. 237612
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: ssklaver@susmangodfrey.com

Max L. Tribble
(*Pro Hac Vice* Application to be submitted)
Vineet Bhatia
(*Pro Hac Vice* Application to be submitted)
Sandeep Seth
(*Pro Hac Vice* Application to be submitted)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666
Email: mtribble@susmangodfrey.com
Email: vbhatia@susmangodfrey.com
Email: sseth@susmangodfrey.com

Attorneys for Plaintiff
*Sentius International, LLC*