Max L. Tribble
mtribble@susmangodfrey.com
Vineet Bhatia
vbhatia@susmangodfrey.com
Sandeep Seth
sseth@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Additional counsel listed on signature page*

Attorneys for Plaintiff
SENTIUS INTERNATIONAL, LLC

Frank E. Scherkenbach (SBN 142549)
scherkenbach@fr.com
Kurt L. Glitzenstein (*pro hac vice*)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

*Additional counsel listed on signature page*

Attorneys for Defendant
MICROSOFT CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, | Case No.  5:13-cv-00825 PSG |
| Plaintiff,<br>v. | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER, AND RULE 26(f) REPORT** |
| MICROSOFT CORPORATION,<br><br>Defendant. | DATE:    May 28, 2013<br>TIME:    2:00 p.m.<br>PLACE:  Courtroom 5<br>JUDGE:  Hon. Paul S. Grewal |

1    Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9(a), Patent Local

2    Rule 2.1(a), ADR Local Rule 3-5, and this Court's February 28, 2013 Clerk's Notice of Setting

3    Case Management Conference (D.I. 3), a conference was held on May 3, 2013 between Vineet

4    Bhatia from Susman Godfrey L.L.P., counsel for Plaintiff Sentius International, LLC ("Sentius")

5    and Jonathan Lamberson and Jerry Yen from Fish & Richardson P.C., counsel for Defendant

6    Microsoft Corp. ("Microsoft").  The parties additionally conferred via electronic mail.  The parties

7    jointly submit this Case Management Statement under Civil Local Rule 16-9(a).

8    **1.      JURISDICTION AND SERVICE**

9         This court has subject matter jurisdiction over Sentius' claims and Microsoft's

10    counterclaims under 28 U.S.C. §§ 1331 and 1338(a) because this case involves a dispute over patent

11    infringement under 35 U.S.C. § 271 and patent invalidity under 35 U.S.C. § 101 *et seq.*  Venue is

12    proper in this court under 28 U.S.C. § 1391 and 1400(b).  No party remains to be served.

13    **2.      FACTS**

14         Plaintiff Sentius is a limited liability company organized and existing under the laws of the

15    State of Virginia, having a principal place of business at 8300 Greensboro Drive, Suite 800,

16    McLean, Virginia 22102.  Sentius filed this action in the Northern District of California on February

17    22, 2013.  Sentius' Complaint alleges that Microsoft infringes U.S. Patent Nos. 7,672,985 ("the

18    '985 Patent") and 8,214,349 ("the '349 Patent"), and U.S. Reissue Patent Nos. 40,731 ("the '731

19    Patent") and 43,633 ("the '633 Patent") (collectively, "the Asserted Patents").  Sentius seeks, inter

20    alia, an injunction, damages, fees, and costs.

21         Defendant Microsoft is a Washington corporation, with its principal place of business

22    located at One Microsoft Way, Redmond, WA 98052.  Microsoft filed a timely Answer and

23    Counterclaims to Sentius' Complaint on April 29, 2013.  Microsoft denies Sentius' claims and

24    seeks a declaration that it does not infringe any claims of the Asserted Patents and that the claims of

25    the Asserted Patents are invalid.  Microsoft seeks, *inter alia*, fees and costs.

26    / / /

27    / / /

28

JOINT CASE MANAGEMENT STATEMENT
                                        AND RULE 26(f) REPORT
                                        Case No. 5:13-cv-00825 PSG

**3.      PRINCIPAL FACTUAL AND LEGAL ISSUES IN DISPUTE**

The parties have identified the following principal disputed issues:

(a)  The proper construction of disputed claim terms in the Asserted Patents;

(b)  Whether Microsoft infringes any valid claims of the Asserted Patents;

(c)  Whether any asserted claim of the Asserted Patents is invalid for any reason including under 35 U.S.C. §§ 101, 102, 103 and/or 112;

(d)  Whether Sentius is barred from obtaining any relief under the equitable doctrines of laches, unclean hands, estoppel and/or waiver;

(e)  Whether Sentius is barred from obtaining relief under the doctrine of prosecution history estoppel; and

(f)  Appropriate forms of relief due to either party, including declaratory, injunctive and monetary relief.

**4.      MOTIONS**

There are no pending motions at this time.  The parties anticipate that summary judgment motions will be filed that may address issues of patent infringement and/or non-infringement, validity and/or invalidity, enforceability and/or unenforceability, and/or remedies.

**5.      AMENDMENT OF PLEADINGS**

The parties may seek to add additional claims, counterclaims and affirmative defenses as discovery proceeds.  The parties propose February 14, 2014, as the deadline for amending pleadings.

**6.      EVIDENCE PRESERVATION**

The parties will take reasonable steps to preserve documents and evidence relating to the issues presented in Sentius' Complaint and Defendants' Counterclaims.  The parties will also take reasonable steps to preserve documents and evidence relating to the issues presented in subsequent amendments of those pleadings, based on their understanding of the issues at the time.  Such reasonable steps shall include issuing document preservation instructions to the key individuals likely to have such documents, directing such individuals to take affirmative steps to preserve such

1  documents, whether in hardcopy or electronic form, and to suspend applicable document
2  destruction/deletion procedures.

**7.    DISCLOSURES**

4      The parties agree to make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or
5  before June 4, 2013.  Each party reserves its right to amend such disclosures as discovery
6  progresses.

**8.    DISCOVERY**

8      **(i)    <u>Discovery Taken to Date</u>:** No discovery has been taken or served to date.

9      **(ii)    <u>Anticipated Scope of Discovery</u>:** The parties anticipate discovery on the claims
10          for patent infringement, affirmative defenses and counterclaims thereto, claim
11          construction, and prayers for relief.

12      **(iii)    <u>Limits on Discovery</u>:** The parties agree to the following limits on discovery:

13          **(a) Fact Depositions:**  The parties agree to a total presumptive limit of six (6)
14              depositions per side and a presumptive limit of seven (7) hours per individual
15              deposition.  Multiple days of deposition of a single witness will count as multiple
16              depositions.

17              The parties further agree that expert depositions and non-party depositions will
18              not count toward these limits.

19              For depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6), the
20              parties agree to a limit of fourteen (14) hours of deposition testimony per party,
21              irrespective of the number of topics or witnesses designated.

22              The parties reserve the right to revisit the issue of the number and length of
23              depositions as discovery progresses.  If any party seeks to exceed the above
24              limits, the parties agree to meet and confer in good faith to attempt to resolve the
25              issue without intervention by the Court.  Each party reserves the right to seek
26              leave of Court in order to take additional depositions.

27  / / /

28

(b) **Expert Depositions:**  The parties agree that each side may take up to seven (7) hours of deposition testimony of each expert identified by an adverse party for each report provided.  Notwithstanding the foregoing, if any party identifies a single expert to provide a report related to both infringement and validity, the seven (7) hour limit shall be expanded to fourteen (14) hours.

(c) **Interrogatories:**  The parties agree to the presumptive limits set forth in the Federal Rules of Civil Procedure regarding interrogatories.

(d) **Requests for Admission:**  The parties agree that each side may serve a maximum of fifty (50) requests for admission.

(iv) **Discovery Plan:** The parties intend to pursue discovery by taking depositions and by serving document requests, interrogatories, and requests for admission, subject to the limits in the previous section.

(a) **Protective Order:**  The parties agree that a protective order will be necessary, in light of the sensitive and proprietary information that will be exchanged during discovery.  The parties intend to meet and confer on and submit a proposed Stipulated Protective Order to the Court.

(b) **Privilege Logs:**  The parties agree that privileged communications and documents covered by work product protection and dated after the filing of this lawsuit need not be included in any privilege log.  The parties further agree that to the extent any Party relies on a joint defense privilege, the communication will be logged.

(c) **Expert Reports:**  The parties agree that document discovery concerning testifying experts shall be limited to the final versions of the testifying experts' reports and any materials relied upon by the testifying expert in forming his or her opinion(s) in this case.  Testifying experts' draft reports, notes, and conversations or communications with counsel will not be subject to discovery and do not need to be logged in a privilege log unless such materials is relied

upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  If an expert indicates in deposition that he or she relied upon a document or source not otherwise specified in the final report, that document or source also is discoverable.

(d) **Method of Service:**  The parties agree that service by electronic mail by 11:59 PM Pacific Time on a given day will be treated as service by mail.

(e) **Electronic Discovery:**  The parties agree to cooperate to develop protocols to lessen the burden of producing electronic discovery.  The parties are continuing to meet and confer to reach an agreed upon plan for electronic discovery and will submit an agreed electronic discovery plan or a joint submission highlighting any remaining disputed issues.

**9.     CLASS ACTIONS**

This is not a class action.

**10.    RELATED CASES**

The parties are unaware of any pending cases related to the present action.

**11.    RELIEF**

Sentius seeks judgment that Microsoft has infringed and continues to infringe the Asserted Patents.  Sentius seeks a permanent injunction, damages under 35 U.S.C. § 284, attorney fees under 35 U.S.C. § 285, and such relief at law and in equity as the Court may deem just and proper.

Microsoft seeks a declaration that it has not and is not infringing any valid claim of the Asserted Patents, whether directly or indirectly.  Microsoft further seeks a declaration that the Asserted Patents are invalid.  Microsoft seeks a dismissal of Sentius' claims in their entirety and with prejudice and a declaration that Sentius take nothing away from its complaint.  Microsoft also seeks any appropriate costs and attorneys' fees pursuant to 35 U.S.C. § 285 and such further relief as the Court may deem appropriate under the circumstances.

/ / /

/ / /

**12.     SETTLEMENT AND ADR**

The parties are willing to engage in early and meaningful settlement discussions.  The parties have met and conferred regarding ADR pursuant to Civil L.R. 16-18 and ADR L.R. 3-5, have reviewed the ADR procedures in ADR L.R. 3-5, and have stipulated to agree to early neutral evaluation.  The parties do not believe any motions are necessary to facilitate settlement.

**13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties consent to have this case proceed before Magistrate Judge Grewal.

**14.     OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration or to a Special Master.  This case is also not appropriate for reference to the Judicial Panel on Multidistrict Litigation.

**15.     NARROWING OF ISSUES**

The parties are not aware of issues that can be narrowed by agreement or by motion at this time and do not have suggestions to expedite the presentation of evidence at this time.  The parties anticipate that as discovery proceeds, the issues will be narrowed for trial.

**16.     EXPEDITED SCHEDULE**

Because of the nature and complexity of the claims and defenses in this action, the parties submit that this is not the type of case that can be handled on an expedited basis or with short-circuited procedures.

**17.     SCHEDULING**

The parties propose following dates for scheduling in this case consistent with the Patent Local Rules, with certain minor modifications:

| Proposed Date | Event/Authority |
|---|---|
| May 28, 2013 | Initial Case Management Conference<br>[Civil L.R. 16-10; February 28, 2013 Order (D.I. 3)] |
| June 4, 2013 | Last day for parties to make initial disclosures<br>[Fed. R. Civ. P. 26(a)(1)] |

| June 11, 2013 | Plaintiff's Initial Disclosure of Asserted Claims & Preliminary Infringement Contentions & accompanying document production<br>[Patent L.R. 3-1 & 3-2] |
|---|---|
| July 26, 2013 | Defendants' Preliminary Invalidity Contentions & accompanying document production<br>[Patent L.R. 3-3 & 3-4] |
| Aug. 9, 2013 | Parties to exchange Proposed Terms & Claim Elements for Construction<br>[Patent L.R. 4-1(a)] |
| Aug. 30, 2013 | Parties to exchange Preliminary Claim Constructions<br>[Patent L.R. 4-2(a)] |
| Sept. 24, 2013 | Parties to file Joint Claim Construction & Prehearing Statement; parties to exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing.<br>[Patent L.R. 4-3] |
| Oct. 24, 2013 | Claim Construction Discovery Cut-Off<br>[Patent L.R. 4-4] |
| Nov. 8, 2013 | Plaintiff to file Opening Brief on Claim Construction<br>[Patent L.R. 4-5(a)] |
| Nov. 22, 2013 | Defendant to file Responsive Brief on Claim Construction<br>[Patent L.R. 4-5(b)]  (14 days) |
| Dec. 6, 2013 | Plaintiff to file Reply Brief on Claim Construction<br>[Patent L.R. 4-5 (c)]  (7 days)*<br>*Extended in light of Thanksgiving holiday |
| Dec. 20, 2013 or as soon thereafter as the Court's calendar permits | Court conducts Claim Construction tutorial and (*Markman*) Hearing |
| 30 days after Markman Ruling | Last day to Serve Final Infringement Contentions and Motion for Leave to Amend<br>[Patent L.R. 3-6] |
| 50 days after Markman Ruling | Last day to disclose advice of counsel<br>[Pat. L.R. 3-8] |
| 60 days after Markman Ruling | Last day to Serve Final Invalidity Contentions and Motion for Leave to Amend<br>[Patent L.R. 3-6] |

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
Case No. 5:13-cv-00825 PSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Feb. 14, 2014 | Last day to amend pleadings |
|---|---|
| Mar. 7, 2014 | Parties to exchange privilege logs |
| Apr. 25, 2014 | Fact discovery cut-off |
| May 16, 2014 | Initial expert reports exchanged on matters on which a party bears the burden of proof |
| June 13, 2014 | Responsive expert reports exchanged |
| July 11, 2014 | Expert discovery completed |
| August 8, 2014 | Deadline for filing dispositive motions |
| August 29, 2014 | Last day for parties to file/serve oppositions to dispositive motions |
| Sept. 12, 2014 | Last day for parties to file/serve reply briefs in support of dispositive motions |
| Sept. 26, 2014 or as soon thereafter as the Court's calendar permits | Dispositive motion hearing |
| Dec. 19, 2014 | Last day for parties to conduct pretrial meet-and-confer |
| Dec. 19, 2014 | Last day for parties to file Daubert motions |
| Jan. 16, 2015 | Last day for parties to file Joint Pretrial Conference Statement, trial briefs, motions in limine, depo designations, trial witness list, exhibit list, exhibits, voir dire, jury instructions, proposed findings of fact/conclusions of law, and verdict forms |
| Jan. 16, 2015 | Last day for parties to file oppositions to Daubert motions |
| Jan. 30, 2015 | Last day for parties to file oppositions to motions in limine |
| Jan. 30, 2015 | Last day for parties to file reply briefs in support of Daubert motions |
| Feb. 6, 2015 or as soon thereafter as the Court's calendar permits | Pretrial Conference |
| Feb. 16, 2015 or as soon thereafter as the Court's calendar permits | Trial |

**18.    TRIAL**

A jury demand has been made.  The parties propose a trial date in February 2015 or as soon thereafter as the Court's calendar permits.  The parties estimate that the expected length of trial is five days, with trial time to be split equally between the two sides.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their respective Certifications of Interested Entities or Persons with the Court.  There are no other non-party interested entities or persons.

**20.    OTHER MATTERS**

The parties also discussed the following topics as set forth in Patent Local Rule 2-1(a):

**A.  Proposed Modifications of Obligations and Deadlines in Local Patent Rules:**

See schedule proposed in Section 17, above.

**B.  Privilege log:**

The parties will exchange privilege logs, whose format will be agreed to in advance, no later than March 7, 2014.

**C.  Scope and Timing of Claim Construction Discovery:**

The parties may use expert witness declarations in support of one or more of their claim construction positions.  If so, each party will disclose whether it intends to use a claim construction expert witness, and will provide an expert report and/or declaration, in accordance with the deadlines provided in Local P.R. 4-2 and 4-3, and proposes that claim construction discovery (including any expert witness depositions) close in accordance with the deadline provided in Section 17, above.

**D.  Format of Claim Construction Hearing and Technology Tutorial:**

The parties do not anticipate live testimony at the claim construction hearing.  The parties anticipate that three (3) hours will be required for argument at the claim construction hearing, split evenly between the sides.  Unless the Court prefers a different format, the parties will separately argue each disputed term.  To the extent that the Court wishes to entertain a tutorial on the relevant

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT
Case No. 5:13-cv-00825 PSG

1  technology, the parties propose that this take place immediately prior to the Markman hearing, and

2  that each side be allotted thirty (30) minutes for this presentation, with Plaintiff presenting first.

3

4  Dated:  May 17, 2013                          Respectfully Submitted,

5

6                                               By:  /s/ Steven G. Sklaver
                                                    (by Jonathan J. Lamberson with permission)
7                                                   Steven G. Sklaver

8                                                   Attorneys for Plaintiff
                                                    SENTIUS INTERNATIONAL, LLC
9

10 Dated:  May 17, 2013                          Respectfully Submitted,

11

12                                              By:  /s/ Jonathan J. Lamberson
                                                    Jonathan J. Lamberson
13
                                                    Attorneys for Defendant
14                                                  MICROSOFT CORP.

15 Additional Counsel:

16 Steven G. Sklaver (SBN 237612)
   ssklaver@susmangodfrey.com
17 SUSMAN GODFREY L.L.P.
   1901 Avenue of the Stars, Suite 950
18 Los Angeles, CA 90067
   Telephone: (310) 789-3100
19 Facsimile: (310) 789-3150

20 Attorneys for Plaintiff
   SENTIUS INTERNATIONAL, LLC
21

22 Jonathan J. Lamberson (SBN 239107)
   lamberson@fr.com
23 Jerry T. Yen (SBN 247988)
   yen@fr.com
24 FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
25 Redwood City, CA  94063
   Telephone: (650) 839-5070
26 Facsimile: (650) 839-5071

27 / / /

28

1  Isabella Fu (SBN 154677)
   isabella.fu@microsoft.com
2  MICROSOFT CORPORATION
   One Microsoft Way
3  Redmond, WA 98052
   Telephone: (425) 882-8080
4  Facsimile:  (425) 936-7329

5  Attorneys for Defendant
   MICROSOFT CORP.

6

7

8              **CASE MANAGEMENT ORDER**

9          The above Joint Case Management Statement and [Proposed] Order is approved as the Case

10  Management Order for this case and all parties shall comply with its provisions.

11          IT IS SO ORDERED.

12

13  Dated:_____        By:_____
                                          Hon. Paul S. Grewal
14                                        United States Magistrate Judge

15

16

17  50897925.doc

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CONSENT

I, Jonathan J. Lamberson, hereby attest:

1.      Concurrence in the filing of the following document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER, AND RULE 26(F) REPORT**

2.      I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action pursuant to Local Rule 5-1(i)(3) of the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in Redwood City, California on May 17, 2013.

By:  */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 17, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-1(h)(1).  Any other counsel of record will be served by U.S. mail or hand delivery.

By:  */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

50897925.doc