Max L. Tribble
mtribble@susmangodfrey.com
Vineet Bhatia
vbhatia@susmangodfrey.com
Sandeep Seth
sseth@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Additional counsel listed on signature page*

Attorneys for Plaintiff
SENTIUS INTERNATIONAL, LLC

Frank E. Scherkenbach (SBN 142549)
scherkenbach@fr.com
Kurt L. Glitzenstein (*pro hac vice*)
glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

*Additional counsel listed on signature page*

Attorneys for Defendant
MICROSOFT CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 5:13-cv-00825 PSG<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.     DEFINITIONS

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     <u>Designated In-House Counsel</u>: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9      <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>In-House Counsel</u>: attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material, or on the file name or cover letter for native documents.  If only a portion or portions of

the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any Party or Third Party having disclosed Protected Material may also designate information disclosed at such deposition as

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:13-cv-00825 PSG

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying all of the Parties of the designation in writing within thirty (30) days of receipt of the final transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a

1   location and in a secure manner that ensures that access is limited to the persons authorized under

2   this Order.

3       7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

4   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5   information or item designated "CONFIDENTIAL" only to:

6       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees or

7   vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

8   information for this litigation;

9       (b) the officers, directors, and employees (including In-House Counsel) of the Receiving

10  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

13  reasonably necessary for this litigation and who have signed the "Acknowledgment and

14  Agreement to Be Bound" (Exhibit A);

15      (d) the court and its personnel;

16      (e) court reporters and their staff, professional jury or trial consultants, and Professional

17  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19      (f) the author or recipient of a document containing the information or a custodian or other

20  person who otherwise possessed or knew the information, or otherwise had access to the

21  information as a part of their employment.

22      7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

24  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees or

27  vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

28  information for this litigation;

(b) Designated In-House Counsel of the Receiving Party  and their support staff (including paralegals) to whom disclosure is reasonably necessary for this litigation.  Designated In-House Counsel must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and must be disclosed following the procedures set forth in paragraph 7.4(a)(1), below;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or otherwise had access to the information as a part of their employment.

7.3.5 <u>Mock Jurors</u>.  Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated In-House Counsel or Experts</u>.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the

full name of the Designated In-House Counsel and the city and state of his or her residence, and

(2) describes the Designated In-House Counsel's current primary job duties and responsibilities in

sufficient detail to determine if In-House Counsel is involved in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

written request to the Designating Party that (1) sets forth the full name of the Expert and the city

and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3)

identifies the Expert's current employer(s), (4) identifies each person or entity from whom the

Expert has received compensation or funding for work in his or her areas of expertise or to whom

the expert has provided professional services, including in connection with a litigation, at any time

during the preceding five years, and (5) identifies (by name and number of the case, filing date,

and location of court) any litigation in connection with which the Expert has offered expert

testimony, including through a declaration, report, or testimony at a deposition or trial, during the

preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding

respective paragraphs may disclose the subject Protected Material to the identified Designated In-

House Counsel or Expert unless, within 7 days of delivering the request, the Party receives a

written objection from the Designating Party.  Any such objection must set forth in detail the

grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the

Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven days of the written objection.  If no agreement is reached, the Party

seeking to make the disclosure to Designated In-House Counsel or the Expert may file a motion as

provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order

62, if applicable) seeking permission from the court to do so.  Any such motion must describe the

circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-

House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## VIII.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to automated creation and delivery of database content, the association of terms with content, and/or linking multimedia data to reference material, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

## IX.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

1        (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

2   shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom

4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as

5   set forth in Paragraphs 7.3 and 7.4, with the exception of Designated In-House Counsel.

6        (c)     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information shall be made

7   available for inspection, in a format allowing it to be reasonably reviewed and searched, during

8   normal business hours or at other mutually agreeable times, at an office of the Producing Party's

9   counsel or another mutually agreed upon location.  "HIGHLY CONFIDENTIAL – SOURCE

10  CODE" Information shall be made available for inspection on a secured computer in a secured

11  room without Internet access or network access to other computers, and with all input/output ports

12  (such as USB, eSata, Firewire, etc.) disabled or blocked and account access restricted as

13  appropriate to prevent and protect against unauthorized copying, transmission, removal or other

14  transfer of any "HIGHLY CONFIDENTIAL – SOURCE CODE" Information outside or away

15  from the secured computer, and the Receiving Party shall not copy, remove, or otherwise transfer

16  any portion of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information onto any

17  recordable media or recordable device.  The Producing Party may visually monitor the activities of

18  the Receiving Party's representatives during any source code review, but only to ensure that there

19  is no unauthorized recording, copying, or transmission of the "HIGHLY CONFIDENTIAL –

20  SOURCE CODE" Information.

21       (d)     The Receiving Party's Outside Counsel of Record or Experts may request that

22  commercially available software tools reasonably necessary to assist in reviewing and searching

23  the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information be installed on the secured

24  computer.  The Receiving Party must provide the Producing Party with the CD or DVD containing

25  such licensed software tool(s) at least five (5) business days in advance of the date upon which the

26  Receiving Party wishes to have the additional software tools available for use on the source code

27  computer.  The Producing Party may decline to install any requested inspection software if the

28  software is not reasonably necessary to assist in reviewing and searching the electronic source

code, the software represents any unreasonable risk of compromising security of the source code or the source code computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order.  For emphasis, it should be noted that the tools for reviewing "HIGHLY CONFIDENTIAL – SOURCE CODE" Information may not be used to circumvent the protections of this Protective Order in any way.

(e)     Once "HIGHLY CONFIDENTIAL – SOURCE CODE" Information has been made available for inspection, the Receiving Party shall provide notice of its inspection five (5) business days prior to the inspection.  The notice shall include the expected dates of the inspection as well as the name of each individual who will be conducting the inspection.  The Producing Party may maintain a daily log of the names of persons who enter the room to view the source code.  The Producing Party may require that each individual for the Receiving Party, upon each entry or exit of the source code viewing room by that individual, sign a log, provided by the Producing Party, indicating the name of that individual, whether the individual entered or exited the source code viewing room, and the date and time of such entry or exit.

(f)     The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take notes relating to the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information, but may not copy any actual lines of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information into the notes.  No copies of all or any portion of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information may leave the room in which the source code is inspected except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information is permitted except as otherwise provided in this Protective Order.

(g)     The Receiving Party may request paper copies of limited portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The Producing Party shall provide all such source code in paper form, in three copies, including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the

dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  Except as otherwise provided herein, the Receiving Party shall not request printing of any continuous block of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information that results in more than fifty (50) printed pages per copy.

(h)  Any paper copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information shall be stored or viewed only in the United States of America at (a) the offices of Outside Counsel of Record for the Receiving Party, (b) the offices of Experts who have been approved to access "HIGHLY CONFIDENTIAL – SOURCE CODE," (c) the site where any deposition is taken, (d) the Court, or (e) any non-public intermediate location necessary to transport the information to a hearing, trial, or deposition.  For the sake of clarity, "HIGHLY CONFIDENTIAL – SOURCE CODE" Information may not be reviewed in public places such as airports, airplanes, and restaurants.  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information should be stored in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.  No additional copies of such source code may be made by the Receiving Party.  The Receiving Party shall maintain a log recording the identity of the Outside Counsel of Record and/or Experts accessing the printed source code.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.

(i)  Court reporters and/or videographers, professional jury or trial consultants, and Professional Vendors shall not retain or be given copies of any portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information, all of which shall be maintained by Outside Counsel of Record under the secure conditions required herein.  If any portion of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information is used during a deposition, the deposition record will identify the exhibit containing any "HIGHLY CONFIDENTIAL – SOURCE CODE" Information by its production numbers only, and the entire deposition transcript shall be deemed designated "HIGHLY CONFIDENTIAL – SOURCE CODE" until further specifically designated

1  in accordance with this Order.  At the conclusion of the deposition, the Receiving Party will

2  collect all copies of the source code.  To the extent any portion of "HIGHLY CONFIDENTIAL –

3  SOURCE CODE" Information are quoted in any document or transcript, either the entire

4  document or transcript will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE

5  CODE" or at least those pages containing any "HIGHLY CONFIDENTIAL – SOURCE CODE"

6  will be separately bound, designated, and treated as "HIGHLY CONFIDENTIAL – SOURCE

7  CODE."

8          (j)      Other than as provided herein, the Receiving Party will not copy, remove,

9  transcribe, or otherwise transfer any "HIGHLY CONFIDENTIAL – SOURCE CODE"

10  Information from the source code computer including, without limitation, copying, removing, or

11  transferring the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information onto any other

12  computers or peripheral equipment other than a laser printer for on-site printing during inspection

13  of the source code, if one is provided.  The Receiving Party will not electronically transmit any

14  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information in any way, including, but not

15  limited to, electronic transmission from the Producing Party's facilities or the offices of its Outside

16  Counsel of Record.  This provision does not prevent the parties from including source code

17  information, when necessary, in expert reports or e-filings to the Court made under seal.

18          (k)      All Parties retain the right under the Federal Rules of Civil Procedure to object to

19  the production of all or part of their source code, and to seek a protective order that such materials

20  not be produced, or be produced under conditions that provide more stringent protection than

21  those provided herein.

22  **X.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION**

23

24          If a Party is served with a subpoena or a court order issued in another litigation that

25  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

26  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

27  SOURCE CODE" that Party must:

28

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XI.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XII.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XIII.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) If, through inadvertence, a Producing Party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," the Producing Party may subsequently inform the Receiving Party of the specific designation of the disclosed information, and the Receiving Party shall treat the disclosed information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information upon receipt of written notice from

the Producing Party.  To the extent the Receiving Party has already disclosed such information, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party.  Inadvertent or unintentional production of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents or information that are not so designated shall not be deemed a waiver in whole or in part of a claim for treatment as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b) If a Producing Party inadvertently produces a document, tangible item, or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure.  In such circumstances, upon discovery of the inadvertent disclosure, the Producing Party shall promptly notify the Receiving Party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials.  Within five (5) business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials, provided, however that the Receiving Party need not purge such materials from its disaster recovery systems (e.g., backup tapes).  Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way.  The Producing Party shall retain the Privileged Material for submission to the Court in the event the Receiving Party moves to compel.

## XIV.   MISCELLANEOUS

14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## XV.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated:  July 19, 2013                                   SUSMAN GODFREY L.L.P.


                                                        By:  */s/ Seth Ard*
                                                             *(by Jonathan J. Lamberson with permission)*
                                                             Seth Ard

                                                        Attorneys for Plaintiff
                                                        SENTIUS INTERNATIONAL, LLC


Dated:  July 19, 2013                                   FISH & RICHARDSON P.C.


                                                        By:  */s/ Jonathan J. Lamberson*
                                                             Jonathan J. Lamberson

                                                        Attorneys for Defendant
                                                        MICROSOFT CORPORATION

*Additional Counsel:*

Steven G. Sklaver (SBN 237612)
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Attorneys for Plaintiff
SENTIUS INTERNATIONAL, LLC

1   Jonathan J. Lamberson (SBN 239107)
lamberson@fr.com
2   FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
3   Redwood City, CA  94063
Telephone: (650) 839-5070
4   Facsimile: (650) 839-5071

5   Isabella Fu (SBN 154677)
isabella.fu@microsoft.com
6   MICROSOFT CORPORATION
One Microsoft Way
7   Redmond, WA 98052
Telephone: (425) 882-8080
8   Facsimile:  (425) 936-7329

9   Attorneys for Defendant
MICROSOFT CORP.

10

11   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

12

13   Dated: _____     _____

14                              Hon. Paul S. Grewal
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:13-cv-00825 PSG

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Sentius International, LLC v. Microsoft Corp.*, Case No. 5:13-CV-00825-PSG.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

23

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:13-cv-00825 PSG

## DECLARATION OF CONSENT

I, Jonathan J. Lamberson, hereby attest:

1.      Concurrence in the filing of the following document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document:

### [PROPOSED] STIPULATED PROTECTIVE ORDER

2.      I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action pursuant to Local Rule 5-1(i)(3) of the United States District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in Redwood City, California on July 19, 2013.

By:  */s/ Jonathan J. Lamberson*
     Jonathan J. Lamberson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 19, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-1(h)(1).  Any other counsel of record will be served by U.S. mail or hand delivery.

By:  */s/ Jonathan J. Lamberson*
     Jonathan J. Lamberson

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:13-cv-00825 PSG