UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>             Defendant. | Case No.: 5:13-cv-00825-PSG<br><br>**CLAIMS CONSTRUCTION ORDER**<br><br>**(Re: Docket No. 51-1)** |

In this patent infringement suit, Plaintiff Sentius International, LLC asserts that Defendant Microsoft Corporation infringed one or more claims within four of its patents.[1] Consistent with Patent L.R. 4-3(c), the parties seek construction of terms and phrases of the patents-in-suit. The parties appeared for a claims construction hearing yesterday. As the court previewed at the conclusion of the hearing, the court will proceed to issue its constructions now without setting forth its reasoning and analysis.

---

[1] *See* Docket No. 1 (asserting infringement of U.S. Patent Nos. 7,672,985 ("the '985 patent") and 8,214,349 ("the '349 patent") as well as United States Reissue Patent Nos. RE 40,731 ("the '731 patent") and RE 43,633 ("the '633 patent"). The parties represented at the hearing that no claims from the '349 patent would be asserted at trial and, thus, the court does not construe any claim terms from the '349 patent.

1

Case No.: 5:13-cv-00825-PSG
CLAIMS CONSTRUCTION ORDER

| CLAIM TERM/DISPUTE | CONSTRUCTION |
|---|---|
| "database"<br>The '633, '731, and '985 patents | a collection of data with a given structure for accepting, storing and providing, on demand, data for at least one user |
| "a link to the at least one of the plurality of external reference materials/links to the external reference materials"<br>The '633 and '731 patents | a pointer to data or information or the location of data or information that is external to the source material<br>/<br>pointers to data or information or the location of data or information that is external to the source material |
| "syndicating" / "syndicated"<br>The '985 patent (claims 1, 11) | making content available for automatic download over a network to one or more remote subscribed computers |
| "linking the identified content with the at least one term"<br>The '985 patent (claim 11)<br>"linking to the supplemental content"<br>The '985 patent (claim 16) | [create/creating] a pointer to data or information or the location of data or information that is external to the source material |
| "term module"<br>The '985 patent (claim 11) | 112 ¶ (f) applies.<br>Function: parsing one or more documents to identify at least one term based on at least one rule<br>Structure: a computer processor in conjunction with executable code for instructing the computer processor to parse one or more documents to identify at least one term based on at least one rule, and equivalents thereof |
| "processing module"<br>The '985 patent (claim 11) | 112 ¶ (f) applies.<br>Function: "identifying content for the at least one term"<br>Structure: a computer processor in conjunction with executable code for instructing the computer processor to identify content for the at least one term, and equivalents thereof |
| Whether the method steps of the '633 and '731 patents must be performed in the orders written | Yes. |

The parties should rest assured that the court arrived at these constructions with a full appreciation of not only the relevant intrinsic and extrinsic evidence, but also the Federal Circuit's teaching in *Phillips v. AWH Corp.*,[2] and its progeny. So that the parties may pursue whatever recourse they believe is necessary, a complete opinion that sets forth the court's reasoning and analysis will issue before entry of any judgment.

**IT IS SO ORDERED.**

Dated: January 9, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[2] 415 F.3d 1303, 1312-15 (Fed. Cir. 2005).

Case No.: 5:13-cv-00825-PSG
CLAIMS CONSTRUCTION ORDER