Steven G. Sklaver
California State Bar No. 237612
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: ssklaver@susmangodfrey.com

Max L. Tribble
(Appearance *Pro Hac Vice)*
Vineet Bhatia
(Appearance *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666
Email: mtribble@susmangodfrey.com
Email: vbhatia@susmangodfrey.com

Seth Ard
(Appearance *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336-8330
Fax: (212) 336-8340
Email: sard@susmangodfrey.com

Sandeep Seth
California State Bar No. 195914
SETH LAW OFFICES
Two Allen Center
1200 Smith St., Suite 1600
Houston, TX 77002
Telephone: 713-353-8847
Email: ss@sethlaw.com

*Attorneys for Sentius International, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. C-13-0825-PSG<br><br>**SENTIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT ITS INFRINGEMENT CONTENTIONS POST-*MARKMAN***<br><br>DATE:  April 4, 2014<br>TIME:  9:00 a.m.<br>PLACE:  Hon. Paul Singh Grewal<br>COURTROOM: 5, 4th Floor |

**PLEASE TAKE NOTICE THAT ON** April 4, 2014, at 9:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled court, located at 201 S 1st Street, San Jose, CA 95113, Plaintiff Sentius International, LLC ("Sentius") will and hereby does move the Court pursuant to Patent Local Rule 3-6 for the Northern District of California for an Order granting leave to supplement Sentius's Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions").

This Motion is based upon this Motion and Memorandum of Points and Authorities, the Declaration of Seth Ard, the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, the records and files in this action, and any other matters of which this Court may take judicial notice.

## **TABLE OF CONTENTS**

**Page(s)**

MEMORANDUM AND POINTS OF AUTHORITIES ................................................................. 1

I.    RELEVANT FACTS ........................................................................................................ 2

II.    LEGAL STANDARD ..................................................................................................... 5

III.    ARGUMENT .................................................................................................................. 6

    A.    Sentius Acted Diligently ..................................................................................... 6

    B.    Sentius Otherwise Has Good Cause For Amendment .............................................. 7

    C.    The Amendments Do Not Prejudice Microsoft .......................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acer, Inc. v. Tech. Prop. Ltd.*,
    5:08-cv-00877 (JF/HRL), 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010) ........................... 6

*Acer, Inc. v. Tech. Properties Ltd.*,
    5:08-CV-00877 JF/HRL, 2011 WL 1838768 (N.D. Cal. May 13, 2011) ........................... 9

*Apple Inc. v. Samsung Electronics Co. Ltd.*,
    12-CV-0630-LHK PSG, 2013 WL 3246094 (N.D. Cal. June 26, 2013) ..................... 5, 7

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
    CV 12-00630 LHK-PSG, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ........................... 8

*DCG Systems v. Checkpoint Technologies, LLC*,
    C 11-03792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012) ........................................ 8

*GPNE Corp. v. Apple Inc.*,
    12-CV-02885-LHK PSG, 2013 WL 6157930 (N.D. Cal. Nov. 22, 2013) ..................... 6, 7

*O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................. 5

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    C 10-3724 CW, 2013 WL 5609325 (N.D. Cal. Oct. 11, 2013) ........................................... 7

*Vasudevan Software, Inc. v. International Business Machines Corp.*,
    09-05897 RS HRL, 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ..................................... 10

## MEMORANDUM AND POINTS OF AUTHORITIES

This Court held a *Markman* hearing on January 8, 2014, and construed 6 terms in its Claims Construction Order dated January 9, 2014. By this motion, Sentius seeks leave to amend its infringement contentions by adding three dependent claims, which, taken together, provide:

> The method of claim [8. 62 or 148], wherein the link is reference information for retrieving the selected one of [the plurality of] external reference materials.

RE40,731 ('731) claim 24; RE43,633 ('633) claim 70 & 154. These dependent claims simply provide that a "link" can be "reference information." They are asserted in response to the Court's construction of 'link,' which adopted the word 'pointer' (proposed by Microsoft) rather than the word 'reference' (proposed by Sentius).

Sentius respectfully submits that since Sentius is not altering its contentions to point to different products or components from its original contentions, and Sentius is not substantively changing its infringement positions, the motion should be granted. With the exception of the addition of these three dependent claims, Microsoft has already stipulated to Sentius' second amended infringement contentions. Likewise, Sentius has agreed to Microsoft's third amended invalidity contentions.

Under the case law, the amendment is appropriate for three simple reasons. <u>First</u>, Sentius was diligent in proposing the amendment. The parties exchanged proposed amendments to their respective contentions earlier this month (including those at issue in this motion), and stipulated to the other proposed amendments. Microsoft has not disputed that Sentius acted diligently in amending its contentions after the *Markman* hearing. <u>Second</u>, the amendments arise from a material difference in the claim construction from the one Sentius proposed, which is a type of good cause recognized by Local Rule 3-6. <u>Third</u>, the amendments do not prejudice Microsoft: no

new products are accused; no new infringement theories are introduced; the dependent claims only establish that 'reference information' can be a 'link.' Further, Microsoft agreed at the Markman hearing that the term 'link' cannot exclude a reference, so there should be no need for supplemental claim construction or prior art disclosures; and, in any event, Sentius has offered to permit Microsoft to assert new prior art to address these newly asserted claims to alleviate any potential prejudice that may arise.

In order to avoid this motion practice, Sentius proposed to drop these claims if Microsoft would stipulate to a jury instruction that a 'link,' as set forth in the independent claims, may comprise "reference information for retrieving the selected one of [the plurality of] external reference materials," as set forth in dependent claims. Under basic principles of claim construction, this instruction should not be controversial, but Microsoft refused. In the alternative to the relief sought by this motion, Sentius would also consent to an instruction along these lines.

## I.   **RELEVANT FACTS**

Sentius served its Initial Infringement Contentions on June 11, 2013. (Dkt. #43). Microsoft served Initial Invalidity Contentions in this case on July 26. (Dkt. #43). By Court-ordered stipulation, Sentius served its first supplemental Infringement Contentions on September 13, 2013 and Microsoft served its first supplemental Invalidity Contentions on October 11, 2013. (Dkt. # 43). With Sentius's consent, Microsoft filed second supplemental Invalidity Contentions shortly after Octover 24, 2013. (Dkt. #49).

At the claim construction hearing, Sentius and Microsoft agreed to the construction of 'link' with one exception: where Microsoft proposed the word 'pointer,' Sentius proposed the word 'reference.' Here are the proposed constructions:

2
NOTICE OF MOTION AND SENTIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT ITS INFRINGEMENT CONTENTIONS POST-*MARKMAN*
CASE NO. C-13-0825-PSG

| Claim Term | Sentius's Construction | Microsoft's Construction |
|---|---|---|
| "a link to the at least one of the plurality of external reference materials/links to the external reference materials" <br> The '633 and '731 patents | a **reference** to data or information or the location of data or information <br> / <br> **reference** to data or information or the location of data or information that is external to the source material | a **pointer** to data or information or the location of data or information <br> / <br> **pointers** to data or information or the location of data or information that is external to the source material |

*See* Ex. A, 1/8/14 Hearing Transcript ("Tr.") at 47-48 (emphasis added). At the *Markman* hearing, counsel for Microsoft agreed that 'link' cannot be construed to exclude "something like a **reference**, an address or a reference numeral, which we're not trying to do. We do agree they get at least that much, so we wouldn't want to exclude that." Ex. 1 (Tr. at 66) (emphasis added).[1] The Court adopted Microsoft's construction. *See* Claim Construction Order ("Order") (Dkt. 66).

On January 29, 2014, Sentius notified Microsoft that Sentius intended to amend its contentions based on the Court's *Markman* Order; Microsoft responded that it also intended to amend its invalidity contentions in light of the same order. Microsoft sent its proposed contentions on February 6, 2014, and Sentius sent its proposed contentions on February 12, 2014. Sentius's proposed amendments are attached at Exhibit B. Sentius agreed to all of Microsoft's amendments. Microsoft agreed to all of Sentius' amendments, except the addition of the following three dependent claims:

> The method of claim [8. 62 or 148], wherein the link is reference information for retrieving the selected one of [the plurality of] external reference materials.

---

[1] The full quotation is as follows: "'Connection' I just believe is maybe not the right word, only because in my view it could exclude something like a reference, an address or a reference numeral, which we're not trying to do. We do agree they get at least that much, so we wouldn't want to exclude that." Ex. A, Tr. at 66. While Microsoft was discussing why 'connection' is not the right word, it clearly was conceding that the term 'link', properly construed, cannot exclude "a reference, an address or a reference numeral."

3
NOTICE OF MOTION AND SENTIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT ITS INFRINGEMENT CONTENTIONS POST-*MARKMAN*
CASE NO. C-13-0825-PSG

'731 claim 24; '633 claims 70 & 154. Sentius' proposed infringement contentions relating to these claims, also sent to Microsoft on February 12, 2014, do not add any new infringement theories or cite any new appendices. Ex. B. Nor does Sentius propose to add any new accused products or components.

In the correspondence that followed, Microsoft gave three reasons for refusing its consent to these new claims: according to Microsoft, the local rules do not permit adding claims post-*Markman*; Microsoft would be prejudiced because it may "potentially" need to search for additional prior art and may "potentially" ask for claim construction on the new terms; and Sentius seeks an end-run around the Court's construction. Ex. C. While Sentius stated that 'reference information' was used in its plain meaning, and invited Microsoft to explain what it believed the term meant so that the parties could reach a resolution, Microsoft did not accept the invitation. Ex. C. To alleviate the concern of prejudice and potential relevant prior art, Sentius offered to give Microsoft 2 additional weeks to supplement its invalidity contentions. Ex. C.

In response to a question from Sentius, Microsoft explained that its amendments were justified in light of the claim construction order because it was raising an invalidity argument that it raised during claim construction, and it was fine-tuning its contentions relating to the 'syndication' claims in light of the Court's adoption of Sentius's construction of syndication. Ex. C. Sentius responded that the supplementation at issue in this motion was appropriate for the same reasons, and consented to Microsoft's proposed amendments.

On February 20, 2014, the parties filed a stipulation agreeing that both parties had "good cause" for, and were not prejudiced by, the amendments. (Dkt. 67). The stipulation noted the current dispute and set a briefing schedule. The Court approved the stipulation the same day. (Dkt. 68).

On February 26, 2014, after receiving the *Markman* transcript in which Microsoft conceded that a 'link' can be a 'reference,' Sentius proposed a stipulation to resolve this motion, whereby the parties would agree to a jury instruction along these lines: "a 'link' [as set forth in independent claim 8, 62, or 148] may comprise 'reference information for retrieving the selected one of [the plurality of] external reference materials' [as set forth in dependent claims 24, 70 or 154]." Ex. C. Microsoft declined, stating that it did not know what 'reference information' meant. Microsoft explained that, in its view, 'reference information' refers to external content, which does not make sense given that the link is to the external content. Ex. C. Sentius replied that, in the context of the claim, 'reference information' cannot refer to the external content for the reasons Microsoft stated, but rather the terms 'reference' and 'information' are used in their ordinary sense. Ex. C. Sentius noted further that, even if the parties ultimately need to brief the meaning of 'reference information', the proposed stipulation can alleviate the need for this motion. Ex. C. Microsoft declined.

## II.  LEGAL STANDARD

Patent Local Rule 3-6 allows the parties to amend their infringement contentions "by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. The rule provides a non-exhaustive list of circumstances that may support a finding of good cause, including: "A claim construction by the Court different from that proposed by the party seeking amendment." Pat. L.-R. 3-6(a). To fall within this prong, the proposed amendment must be in response to a material difference in the claim construction from that proposed by moving party. *See Apple Inc. v. Samsung Electronics Co. Ltd.*, 12-CV-0630-LHK PSG, 2013 WL 3246094 (N.D. Cal. June 26, 2013). "Good cause" also requires a showing that "the party seeking leave to amend acted with diligence promptly when new evidence is revealed." *O2 Micro Int'l, Ltd. v. Monolithic Power*

5
NOTICE OF MOTION AND SENTIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO
AMEND/SUPPLEMENT ITS INFRINGEMENT CONTENTIONS POST-*MARKMAN*
CASE NO. C-13-0825-PSG

*Systems, Inc.*, 467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006). Once the moving party shows it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Properties Ltd.*, 5:08-CV-00877 (JF/HRL), 2010 WL 3618687 *3 (N.D. Cal. Sept. 10, 2010). "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so." *GPNE Corp. v. Apple Inc.,* 12-CV-02885-LHK PSG, 2013 WL 6157930 *1 (N.D. Cal. Nov. 22, 2013).

## III.  ARGUMENT

### A.  Sentius Acted Diligently

Sentius was diligent in seeking leave to amend after the issuance of the claim construction order. Within three weeks of the order, Sentius notified Microsoft that it intended to amend its contentions, and sent its amended contentions 2 weeks later. That is diligent under the case law. *GPNE Corp.*, 2013 WL 6157930 at *1-2 (finding diligence when party revealed its intent to amend within six days of the court's claims construction order and circulated some of its revised contentions 25 days after that). Further, Sentius and Microsoft stipulated that they each had "good cause" to file the remainder of their contentions, which were filed at the same time as the proposed amendments at issue on this motion (Dkt. 67). Finally, Sentius could not have anticipated the full scope of the amendments needed prior to obtaining the Court's claim construction order, and was at least as diligent as Microsoft which added invalidity theories raised at claims construction.

### B. Sentius Otherwise Has Good Cause For Amendment

In addition to acting diligently, Sentius has good cause for the amendment under L-R 3.6(a). During claim construction, Sentius proposed 'reference' to construe link and Microsoft proposed 'pointer.' The Court adopted Microsoft's construction. The proposed amendment – which seeks to add dependent claims clarifying that a 'link' can comprise "**reference information** for retrieving the selected one of the plurality of external reference materials" – is plainly responsive to a material difference in the claim construction.

Microsoft asserts that the local rules prevent adding new claims after claim construction, but the rules do not contain any such provision, and Courts have granted leave to assert new claims after claim construction. *See*, *e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, C 10-3724 CW, 2013 WL 5609325 (N.D. Cal. Oct. 11, 2013) (granting leave to add new claims more than two years after claim construction).

### C. The Amendments Do Not Prejudice Microsoft

Microsoft would not be prejudiced by the amendment: Sentius is not adding new products or infringement theories, so there is no need for new discovery. *See GPNE Corp. v. Apple Inc.,* 12-CV-02885-LHK PSG, 2013 WL 6157930 *1-2 (finding no prejudice because amended contentions add no new products nor identify any new code, so no discovery is needed); *Apple v. Samsung,* 2013 WL 3246094, at *6 (N.D. Cal. June 26, 2013) ("The court also finds that Apple would not be prejudiced by these amendments. Apple has had notice that Samsung believes Apple's mobile devices infringe the patent and so it presumably already produced discovery regarding the products."). Further, if any additional discovery is needed, there is sufficient time on the pretrial clock, and Sentius will consent to an extension of the pretrial schedule if the Court believes that will help. *See, e.g., U.S. Ethernet Innovations,*, 2013

7
NOTICE OF MOTION AND SENTIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT ITS INFRINGEMENT CONTENTIONS POST-*MARKMAN*
CASE NO. C-13-0825-PSG

WL 5609325 at *3 ("[G]iven that there is still sufficient time left on the pretrial clock, and that Claim 15 mirrors claims that have already been the subject of claim construction proceedings, it seems unlikely that the proposed amendment will cause prejudice to Defendant.").

Microsoft complained that it "potentially" may have to conduct a new prior art search. No new search should be needed: the dependent claim clarifies that a 'link' can be 'reference information,' but that does not extend the scope of any claim, and so it should not give rise to new prior art searches. Notably, Microsoft has not said why a new prior art search would be needed, only that Microsoft may "potentially" ask for one. Even if a new prior art search were needed, that would not be "undue prejudice" sufficient to defeat the amendment. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, CV 12-00630 LHK-PSG, 2012 WL 5632618, *2 (N.D. Cal. Nov. 15, 2012) ("Plaintiffs argue that they will be prejudiced by having to conduct additional prior art research and by having to brief the new claim terms that were added during reexamination. However, any such prejudice is insufficient to outweigh TPL's right to assert new claims and the Court's interest in resolving the parties' disputes as comprehensively as is possible."). Further, Sentius has already offered Microsoft an extension to serve fourth supplemental invalidity contentions in order to alleviate any prejudice; that is more than enough to alleviate any possible prejudice. *See DCG Systems v. Checkpoint Technologies, LLC*, C 11-03792 PSG, 2012 WL 1309161, *2-*3 (N.D. Cal. Apr. 16, 2012) ("While an amendment may force Checkpoint to research further the prior art, amend its invalidity contentions, and perhaps supplement its claim construction briefing that is due shortly, DCG is no position to object to appropriate accommodations in the pretrial schedule that might be required.").

Microsoft also stated that it "potentially" may have to ask for a new claim construction on the term 'reference information.' Microsoft has not stated what it believes the term 'reference

information' means, but rather has only stated that it does not know what it means because, in its view, 'reference information' refers to external content, which does not make sense because a link is to the external content. The simple response is that, in the context of the claim, 'reference information' cannot mean the external content for the reasons Microsoft stated. Rather, the terms 'reference' and 'information' are used in their ordinary sense, and any proposed construction of 'reference information' will raise as many questions about the terms used to define that phrase as that phrase itself. Indeed, Microsoft already agreed at the *Markman* hearing that 'link' cannot be construed to exclude "a reference, an address or a reference numeral," and it is not a far leap from 'reference' to 'reference information.' Ex. A, Tr. at 66.

In addition, under basic principles of claim construction, the term 'link', as used in the independent claim, presumptively cannot be interpreted to exclude 'reference information' in light of the dependent claim language that explains that a 'link' can be 'reference information.' Significantly, <u>Microsoft has never disagreed with that point</u>, nor can it. As a result, no matter whether these dependent claims are asserted or not, the parties will have to grapple with the meaning of 'reference information.' Accordingly, Sentius continues to be willing to resolve this motion by stipulating that 'link,' as set forth in the independent claims, may comprise 'reference information for retrieving the selected one of [the plurality of] external reference materials,' as set forth in dependent claims 24, 70 or 154.

Even if a new construction were needed, that would not be "undue prejudice." *See Acer, Inc. v. Tech. Properties Ltd.*, 5:08-CV-00877 JF/HRL, 2011 WL 1838768 *5 (N.D. Cal. May 13, 2011) (noting that the prejudice of "having to brief the new claim terms" does not outweigh the parties' and the Court's interest in resolving the dispute as comprehensively as possible); *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, 09-05897 RS HRL, 2011 WL 940263 *3

(N.D. Cal. Feb. 18, 2011) ("While it is true that VSi did not move for leave to amend until after the parties filed their claim construction briefs and Judge Seeborg held the claim construction hearing, the Court is not convinced that VSi's proposed amendments will dramatically affect any of the claims that were construed, and Judge Seeborg can issue a supplemental claim construction order if he believes it to be necessary.").

Finally, there is no merit to Microsoft's contention that Sentius is attempting an impermissible end-round the Court's claim construction order. Adding a claim cannot be an end-round around a construction. Rather, claims must be interpreted in light of the other claims, regardless whether they are asserted or not.

For the foregoing reasons, Sentius respectively requests permission to supplement its infringement contentions in the manner set forth in exhibit B.

Dated:  February 28, 2014                    SUSMAN GODFREY L.L.P.


                                             By: */s/ Seth Ard*
                                             Steven G. Sklaver (SBN 237612)
                                             SUSMAN GODFREY L.L.P.
                                             1901 Avenue of the Stars, Suite 950
                                             Los Angeles, CA 90067
                                             Telephone:  (310) 789-3100
                                             Email:  ssklaver@susmangodfrey.com

                                             Max L. Tribble
                                             (Appearance Pro Hac Vice)
                                             Vineet Bhatia
                                             (Appearance Pro Hac Vice)
                                             SUSMAN GODFREY L.L.P.
                                             1000 Louisiana, Suite 5100
                                             Houston, TX 77002
                                             Telephone:  (713) 651-9366
                                             Email: mtribble@susmangodfrey.com
                                             Email: vbhatia@susmangodfrey.com

Seth Ard
(Appearance Pro Hac Vice)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone:  (212) 336-8330
Email: sard@susmangodfrey.com

Sandeep Seth
California State Bar No. 195914
SETH LAW OFFICES
Two Allen Center
1200 Smith St., Suite 1600
Houston, TX 77002
Telephone: 713-353-8847
Email: ss@sethlaw.com

Attorneys for Plaintiff Sentius International, LLC

---
11
NOTICE OF MOTION AND SENTIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT ITS INFRINGEMENT CONTENTIONS POST-*MARKMAN*
CASE NO. C-13-0825-PSG

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 28, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-1(h)(1). Any other counsel of record will be served by U.S. Mail or hand delivery.

By: */s/ Seth Ard*
    Seth Ard