UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, | Case No.: 5:13-cv-00825-PSG |
| Plaintiff, | **ORDER RE: MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** |
| v. | |
| MICROSOFT CORPORATION, | **(Re: Docket No. 70)** |
| Defendant. | |

Before the court is Plaintiff Sentius International, LLC's motion for leave to amend infringement contentions[1] to add three dependent claims in this case following the court's claim construction order[2] issued in January. Defendant Microsoft Corporation opposes. Pursuant to the Civil L.R. and at the invitation of the parties, the court finds this dispute suitable for disposition on the papers.[3]

---

[1] *See* Docket No. 70.

[2] *See* Docket No. 66.

[3] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1
Case No.: 5:13-cv-00825-PSG
ORDER RE: MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

Although Microsoft takes issue with Sentius' diligence in seeking leave, the court finds Sentius moved with adequate diligence following an adverse claim construction ruling.[4] Microsoft's more compelling argument centers on the prejudice it might face by adding dependent claims into the mix in this case.  To mitigate any prejudice, the court will permit Sentius to supplement its infringement contentions with three additional dependent claims, but it must drop three additional claims in the process from the '633, '731 or '985 patents and keep the total number of asserted claims within the three remaining patents at twenty-nine.[5]  With trial set for February of 2015, plenty of trial preparation time remains.  The court also will entertain requests for relief from the case scheduling order should either party benefit from some reshuffling of intermediate

---

[4] *See* Docket No. 66 at 2.

| CLAIM TERM/DISPUTE | CONSTRUCTION |
|---|---|
| "a link to the at least one of the plurality of external reference materials/links to the external reference materials"<br><br>The '633 and '731 patents | a pointer to data or information or the location of data or information that is external to the source material<br><br>/<br><br>pointers to data or information or the location of data or information that is external to the source material |

[5] *See* Docket No. 71-3, Ex. B at 3.

| Patent | Claims Alleged Infringed Literally and/or Under the Doctrine of Equivalents |
|---|---|
| U.S. Patent No. RE40,731 ('731 patent) | 8, 18, <u>24,</u> 26, 27, 36, 49, 96 |
| U.S. Patent No. RE43,633 ('633 patent) | 62, 64, 67, <u>70,</u> 72, 76, 146, 148, 149, 151, <u>154,</u> 156, 159, 164 |
| U.S. Patent No. 7,672,985 ('985 patent) | 1, 6, 10, 11, 16, 37, 38, 40, 41, 44 |
| ~~U.S. Patent No. 8,214,349 ('349 patent)~~ | ~~1, 6, 13, 14, 15, 16, 20, 22, 24, 25, 26, 27, 31, 35, 41~~ |

deadlines.  The court similarly will entertain requests for additional construction triggered by the addition of these dependent claims.

**IT IS SO ORDERED.**

Dated:  March 26, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge