United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, ) | Case No. 5:13-cv-00825-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING-IN-PART** |
| v. ) | **SENTIUS' MOTION TO COMPEL;** |
| ) | **SETTING BRIEFING SCHEDULE** |
| MICROSOFT CORPORATION, ) | |
| ) | **(Re: Docket Nos. 76 and 102-4)** |
| Defendant. ) | |

Before the court in this patent infringement case is Plaintiff Sentius International, LLC's motion to compel.[1] Defendant Microsoft Corporation opposes. Earlier today, the parties appeared for a hearing.[2] After considering the parties' arguments, at both the hearing and in their papers, the court GRANTS the motion, but only IN-PART, as set forth below:

- As previewed at the hearing, Microsoft shall produce all in-bound licenses within two years of the hypothetical negotiation date (2007 to 2011) granting rights to no more than ten patents and with financial terms redacted. The parties shall then meet and confer to discuss which of these licenses should be produced without redaction. Following this meet-and-confer, Microsoft shall produce the agreed-upon unredacted licenses. All production shall be designated AEO. To the extent any dispute remains, the parties shall contact the court to schedule a further hearing.

---

[1] *See* Docket No. 102-4.

[2] *See* Civil L.R. 7-1(b).

1

Case No. 5:13-cv-00825-PSG
ORDER GRANTING-IN-PART SENTIUS' MOTION TO COMPEL; SETTING BRIEFING SCHEDULE

- After Sentius articulates the particular categories, features or functionalities of interest, Microsoft shall produce any appropriate usage data from 2007 to 2011 within its possession, custody or control.

- All production discussed above shall be completed within fourteen days.  The parties shall meet and confer on additional modifications to the case schedule necessary in light of this production.

To inform the court's analysis of one of Microsoft's pending summary judgment motions regarding asserted claims from a pair of reissue patents that are alleged to have run afoul of 35 U.S.C. § 251,[3] the court invites additional briefing on the dispute.  In particular, the court would appreciate the parties' take on the following questions:

1. If Section 251 is a question of law based upon underlying questions of fact, what exactly are the underlying factual questions?[4]  Does *Forest Labs* require the court to weigh whether any changes to the invalidated patent were merely clerical?[5]  Is that a question of fact that needs to be informed by a more fulsome record replete with expert opinion?  If the changes to the reissued patent are deemed clerical, does that necessarily mean that the patent has not been broadened?

2. Did Judge Armstrong make a determination of what a person having ordinary skill in the art would understand in reading claim 8 and subsequently decide that a PHOSITA's understanding was inconsistent with how the invention had to work – invalidating the claim under Sections 101 and 112?[6]  Is Judge Armstrong's analysis inconsistent with a PHOSITA understanding what the Section 251 correction must be?

The parties may file an additional seven pages addressing these questions within seven days.

---

[3] *See* Docket No. 76.

[4] *See Medtronic, Inc. v. Guidant Corp.*, 465 F.3d 1360, 1373 (Fed. Cir. 2006).

> Determining whether the claims of a reissued patent violate 35 U.S.C. § 251 is a question of law, which we review de novo.  *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366, 1370 (Fed. Cir. 2001).  The legal conclusion of whether an applicant has met the statutory requirements of 35 U.S.C. § 251 is based on underlying findings of fact, which we sustain unless they are clearly erroneous.  *In re Clement*, 131 F.3d 1464, 1468 (Fed. Cir. 1997).

[5] *See Forest Labs., Inc. v. Ivax Pharm., Inc.*, 501 F.3d 1263, 1270 (Fed. Cir. 2007).

[6] *See* Docket No. 56-16, Ex. P (Judge Armstrong's order).

2
Case No. 5:13-cv-00825-PSG
ORDER GRANTING-IN-PART SENTIUS' MOTION TO COMPEL; SETTING BRIEFING SCHEDULE

**IT IS SO ORDERED.**

Dated: July 29, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge