Steven G. Sklaver (SBN 237612)
Krysta Kauble Pachman (SBN 280951)
Meng Xi (SBN 280099)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
Email: ssklaver@susmangodfrey.com
Email: kpachman@susmangodfrey.com
Email: mxi@susmangodfrey.com

Seth Ard (*Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336-8330
Fax: (212) 336-8340
Email: sard@susmangodfrey.com

Max L. Tribble (*Pro Hac Vice*)
Vineet Bhatia (*Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666
Email: mtribble@susmangodfrey.com
Email: vbhatia@susmangodfrey.com
Email: sseth@susmangodfrey.com

Sandeep Seth (SBN 195914)
SETH LAW OFFICES
Two Allen Center
1200 Smith St., Suite 1600
Houston, TX 77002
Telephone: 713-353-8847
Email: ss@sethlaw.com

Attorneys for Sentius International, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. C-13-0825-PSG<br><br>**OPPOSITION TO DEFENDANT MICROSOFT CORPORATION'S MOTION TO PHASE TRIAL**<br><br>Date: January 13, 2015<br>Time: 10:00 a.m.<br>Judge: Hon. Paul S. Grewal |

**Table of Contents**

Page

I. INTRODUCTION ................................................................................................................ 1

II. DISCUSSION .................................................................................................................... 1

    A. FED. R. CIV. P. 42(b) PERMITS TRIAL BIFURCATION ONLY UNDER LIMITED CIRCUMSTANCES ............................................................... 1

    B. MICROSOFT HAS NOT DEMONSTRATED THAT BIFURCATION WOULD PROMOTE CONVENIENCE, SAVE THE COURT TIME OR AVOID UNFAIR PREJUDICE. ............................................. 2

        1. Bifurcation will not serve the interest of convenience, and will not promote judicial expediency or economy. ............................................ 2

        2. Bifurcation will prejudice Sentius. ............................................................... 4

III. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amylin Pharm. Inc. v. Regents of Univ. of Minnesota*,
　　1998 WL 35031973 (S.D. Cal. Jan. 13, 1998) ................................................................. 6

*B. Braun Med. Inc. v. Abbott Labs.*,
　　1994 WL 468155 (E.D. Pa. Aug. 29, 1994) ................................................................... 6

*Brad Ragan, Inc. v. Shrader's, Inc.*,
　　89 F.R.D. 548 (S.D. Ohio 1981) ..................................................................................... 5

*Chip-Mender, Inc. v. Sherwin-Williams Co., No. C*,
　　05-3465 PJH, 2006 WL 13058 (N.D. Cal. Jan. 3, 2006) ............................................... 2

*Datel Holdins LTD. v. Microsoft Corp.*,
　　No. C-09-05535 EDL, 2010 WL 3910344 (N.D. Cal. Oct. 4, 2010) ............................ 3

*H.B. Fuller Co. v. National Starch & Chemical Corp.*,
　　595 F. Supp. 622, 225 U.S.P.Q. (BNA) 436 (D. Del. 1984) .......................................... 6

*Intersong-USA Inc. v. CBS, Inc.*,
　　1 Fed. R. Serv. 3d 609 (S.D. N.Y. 1985) ....................................................................... 2

*Joy Technologies, Inc. v. Flakt, Inc.*,
　　772 F. Supp. 842, 20 U.S.P.Q.2d (BNA) 1934 (D. Del. 1991) ................................. 2, 4

*Laitram Corp. v. Hewlett-Packard Co.*,
　　791 F. Supp. 113 (E.D. La. 1992) .................................................................................. 4

*Lam Research Corp. v. Schunk Semiconductor*,
　　No. C–03–1335 EMC, 2014 WL 4180935, -- F. Supp. 2d --, (N.D. Cal. 2014) ........... 5

*McDermott v. Potter*,
　　No. 08–03432 SI, 2010 WL 956808 (N.D. Cal. Mar. 12, 2010) .................................... 2

*Medtronic Minimed Inc. v. Animas Corp.*,
　　CV 12–04471 RSWL RZX, 2013 WL 3233341 (C.D. Cal. June 25, 2013) .............. 1, 4

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
　　No. C 08-04990 JW, 2012 WL 1142537 (N.D. Cal. Mar. 29, 2012) .......................... 2, 5

*Organic Chemicals, Inc. v. Carroll Products, Inc.*,
    86 F.R.D. 468 (W.D. Mich. 1980) .......................................................................................... 2

*Plew v. Limited Brands, Inc.*,
    No. 08 Civ. 3741(LTS)(MHD), 2012 WL 379933 (S.D.N.Y. Feb. 6, 2012) .................. 4, 5

*Princeton Biochemicals Inc. v. Beckman Instruments Inc.*,
    180 F.R.D. 254 (D.N.J. 1997) ................................................................................................ 4

*Real v. Bunn–O–Matic Corp.*,
    195 F.R.D. 618 (N.D.Ill.2000) .............................................................................................. 5

*Sprinturf, Inc. v. Southwest Recreational Indus., Inc.*,
    No. Civ.A. 01-7158, 2004 WL 96751 (E.D. Pa. Jan. 15, 2004) ........................................ 6

*Spectra-Physics Lasers v. Uniphase Corp.*,
    144 F.R.D. 99, 101 (N.D. Cal. 1992) .................................................................................... 4

*Tessera, Inc. v. Advanced Micro Devices, Inc., No. C*,
    05-04063-CW, 2013 WL 6073889 (N.D. Cal. Nov. 13, 2013) ........................................ 6

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
    431 F. Supp. 2d 834 (N.D. Ill. 2006) .................................................................................... 4

*Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*,
    707 F.Supp. 1429 (D. Del. 1989) ..................................................................................... 3, 6

**Rules**

FED. R. CIV. P. 42(b) ................................................................................................................. 1, 2, 5

Federal Rules of Evidence 403 ........................................................................................................ 5

## I. INTRODUCTION

Instead of demonstrating why bifurcation would be beneficial, Microsoft is attempting to use a motion to bifurcate to exclude "improper character evidence" of "Microsoft's corporate character," arguments which are more properly the subject of a motion *in limine*. The issues in this case are no more complex than in any other patent trial, and Microsoft conveniently leaves out that its own expert witness refers to the evidence referenced in Microsoft's Motion in order to opine on the validity of the patents-in-suit. This is not a case where the evidence can be neatly bundled into the issues of liability, damages, and willfulness. Rather, as Microsoft's own expert reports show, there is significant overlap among these issues, and preventing Sentius from bringing in all relevant evidence in all phases of trial would cause unfair prejudice to Sentius.

As fully set forth below, none of the factors identified by Rule 42(b), namely, convenience, avoidance of prejudice and promotion of judicial economy and efficiency, are achieved by bifurcation. Bifurcation will only delay the proceedings in this matter and prejudice Sentius.

## II. DISCUSSION

### A. FED. R. CIV. P. 42(b) PERMITS TRIAL BIFURCATION ONLY UNDER LIMITED CIRCUMSTANCES

Bifurcation in the federal courts is governed by Rule 42(b) of the Federal Rules of Civil Procedure, which provides in pertinent part that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim … or of any separate issue.

Fed. R. Civ. P 42(b)

In determining whether to bifurcate, courts consider a number of factors, including whether bifurcation would promote efficient judicial administration, promote convenience, simplify discovery or conserve resources, reduce the risk of juror confusion, and separability of the issues. *See Medtronic Minimed Inc. v. Animas Corp.,* CV 12–04471 RSWL RZX, 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013) (noting that that bifurcation "is the exception rather than the rule of normal trial procedure" within the Ninth Circuit) (citation omitted); *McDermott*

1

*v. Potter,* No. 08–03432 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010) (denying motion to bifurcate where evidence was relevant to both liability and damages). It is well-settled that a single trial "tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary." *Intersong-USA Inc. v. CBS, Inc.*, 1 Fed. R. Serv. 3d 609, 611 (S.D. N.Y. 1985) (citation omitted); *Organic Chemicals, Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468, 469 (W.D. Mich. 1980) ("Of course, under general circumstances, a single trial is more likely to satisfy these conditions than a bifurcated trial") (citation omitted).

### B. MICROSOFT HAS NOT DEMONSTRATED THAT BIFURCATION WOULD PROMOTE CONVENIENCE, SAVE THE COURT TIME OR AVOID UNFAIR PREJUDICE.

The party seeking bifurcation has the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties. *See Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. C 05-3465 PJH, 2006 WL 13058, at *13 (N.D. Cal. Jan. 3, 2006) ("As the parties seeking bifurcation, Chip-Mender and Russo have the burden of proving that bifurcation is justified given the facts in the case.") (citation omitted); *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 848, 20 U.S.P.Q.2d (BNA) 1934 (D. Del. 1991) (moving party must show a "compelling reason" for bifurcation). Here, Microsoft has failed to show that bifurcation would serve any of the purposes of Rule 42(b).

#### 1. Bifurcation will not serve the interest of convenience, and will not promote judicial expediency or economy.

Microsoft's motion assures the Court that it would be more convenient to try liability, damages, and willfulness in separate phases because if the jury does not find liability, trial will be shortened. In so arguing, Microsoft conveniently sidesteps the fact that if the jury *does* find liability, both parties will have to re-present their expert witnesses on validity. *See Mformation Techs., Inc. v. Research in Motion Ltd.*, No. C 08-04990 JW, 2012 WL 1142537, at *9 (N.D. Cal. Mar. 29, 2012) ("[A] moving party's mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered

1   unnecessary *if* the moving party prevails at the first phase, is not sufficient to meet that party's
2   burden of showing that bifurcation is appropriate.")

3   Bifurcation would waste the Court's time, the jurors' time, and the parties' time, and
4   would cause both parties to incur unnecessary expense in preparing witnesses a second time.
5   When bifurcation requires a party to duplicate the presentation of evidence, the request for
6   bifurcation should be denied. *See Datel Holdins LTD. v. Microsoft Corp.*, No. C-09-05535 EDL,
7   2010 WL 3910344, at *5 (N.D. Cal. Oct. 4, 2010) (denying motion to bifurcate where plaintiffs
8   argued that the same experts would be presented for both trials).

9   Here, Microsoft's validity expert, Dr. Daniel A. Menasce, refers to both "willfulness" and
10  "damages" evidence when analyzing secondary indicia of obviousness in conjunction with his
11  validity analysis. [REDACTED]
12  [REDACTED]
13  [REDACTED]
14  [REDACTED]
15  [REDACTED]
16  [REDACTED]
17  [REDACTED] Thus, bifurcation would
18  require the inconvenience, expense, and delay of forcing the jurors to hear testimony from Dr.
19  Menasce and Dr. Madisetti twice. Given the overlap, it will take far more time and expense to
20  separate the issues of liability, willfulness, and damages at trial than to keep them together. As
21  Dr. Menasce's report indicates, at a minimum, both damages and willfulness will be interwoven
22  with issues of liability, *i.e.*, secondary indicia of obviousness (commercial success), pre-suit
23  meetings (willfulness), thereby thwarting the objectives of economy and expediency where the
24  parties go to Herculean efforts to exclude that evidence from the first phase of trial. Other courts
25  have denied bifurcation in similar circumstances. *See Willemijn Houdstermaatschaapij BV v.*
26  *Apollo Computer Inc.*, 707 F.Supp. 1429, 1434 (D. Del. 1989) (denying motion to bifurcate
27  where jury would have to hear evidence of commercial success twice); *Joy Technologies, Inc. v.*
28  *Flakt, Inc.*, 772 F. Supp. 842, 848 (D. Del. 1991) ("The Court also finds that there is at least

minimally overlapping evidence on commercial success first as it pertains to infringement and second as it pertains to damages."); *cf. Princeton Biochemicals Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 259 (D.N.J. 1997) *dismissed*, 185 F.3d 878 (Fed. Cir. 1998) (granting motion to bifurcate in part because defendants stipulated to commercial success). *See also Plew v. Limited Brands, Inc.,* No. 08 Civ. 3741(LTS)(MHD), 2012 WL 379933, *9 (S.D.N.Y. Feb. 6, 2012) (noting that a "willfulness determination is inextricably bound to the facts underlying the infringement" and that this factor weighed against granting bifurcation) (internal citations and quotations omitted); *see also Trading Techs. Int'l, Inc. v. eSpeed, Inc.,* 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006) ("The need to consider all of the factors implies that evidence of liability and willfulness will likely overlap.") (citation omitted).[1]

Of course, for the same reasons bifurcation would not promote judicial convenience, it would also not promote expediency. A deferral of adjudication of damages will necessarily delay a resolution of this litigation. *Spectra-Physics Lasers v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) ("[L]ogic dictates that holding two trials, as opposed to one, will inevitably cause delay in resolution of the instant case."). Moreover, rather than promoting judicial economy, bifurcation will significantly increase the expense of the litigation by requiring both parties to prepare their expert witnesses twice. *Cf. Medtronic*, 2008 WL 5158997, at *1 (granting motion in part because there was no overlapping evidence and no inconvenience to witnesses). Thus, all three of these factors weigh against granting Microsoft's motion.

### 2. Bifurcation will prejudice Sentius.

"Prejudice comes in two forms—the risk of jury confusion on complex issues if bifurcation is denied and the risk of considerable delay if bifurcation is denied." *See Lam Research Corp. v. Schunk Semiconductor*, No. C–03–1335 EMC, 2014 WL 4180935, at *2, -- F. Supp. 2d – (N.D. Cal. 2014) (finding bifurcation inappropriate where questions of liability and

---

[1] In *Laitram*, upon which Microsoft heavily relies, Judge Feldman of the Eastern District of Louisiana found that bifurcation was not warranted but that phasing of the trial would be a convenient solution. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 116 (E.D. La. 1992). However, *Laitram* specifically based its decision to split the trial into multiple phases on the fact that the "parties will not have to repeat any evidence relevant to liability that also bears on the reasonable royalty owed." *Id.* at 117.

damages were not wholly separate questions in this case, in which owner alleged willful infringement). Other courts have acknowledged that the types of damages issues considered in patent cases are not likely to cause juror confusion. *See e.g., id.* at *2 (citing *Real v. Bunn–O–Matic Corp.,* 195 F.R.D. 618 (N.D.Ill.2000)) ("Although Defendant claims that complex damages calculations may be involved, there is no evidence to suggest that this computation is more unusual complex or complicated than the average patent case.").

In its Motion, Microsoft conflates the meaning of prejudice under Rule 42(b) with the meaning of prejudice under FRE 403. Rather, Microsoft argues that evidence relevant to both cases will unfairly bias the jury against Microsoft because it will portray Microsoft as a serial infringer, or that show that Microsoft treated Sentius unfairly. If there actually is any evidence that is *unfairly* prejudicial, which Sentius seriously doubts, the proper recourse is for Microsoft to move to exclude those particular pieces of evidence, not to waste the time, resources, and money of the Courts, jurors, and parties by bifurcating the trial. *See Mformation,* 2012 WL 1142537, at *7 (N.D. Cal. Mar. 29, 2012) (denying bifurcation, finding that defendant's arguments that evidence was "highly inflammatory" and would "confuse and distract the jury" were more appropriately resolved through motions *in limine*); *Plew*, 2012 WL 379933, at *9 ("Defendants' final argument in support of bifurcation is that Ms. Plew will prejudice the jury by making 'false and inflammatory remarks'. . . However, the Court has addressed this risk by granting Defendants' motion in limine. . . ").

The other purportedly "confusing" concepts referenced by Microsoft are not unique to this trial. To the extent Microsoft claims that the liability issues are exceedingly complex, even if that were true, "that factor does not alone compel separation." *Brad Ragan*, *Inc. v. Shrader's, Inc.*, 89 F.R.D. 548, 550 (S.D. Ohio 1981) (denying motion to bifurcate where plaintiff represented that much of its proof on the liability issues would substantially overlap with its proof on damages). The only allegedly confusing issue mentioned in Microsoft's motion that relates to damages is the availability of non-infringing alternatives, which is surely not an overly complicated damages issue unique to this litigation. *See, e.g., Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-04063-CW, 2013 WL 6073889, at *2 (N.D. Cal. Nov. 13, 2013)

5

3475758v1/012741

(denying motion to bifurcate without prejudice where defendants argued that trial required the jury to understand "among other things, commercial complexities of the semiconductor market; methodology regarding the calculation of damages; and legal principles regarding royalty rates and patent license negotiations" because of concerns for judicial economy); *Sprinturf, Inc. v. Southwest Recreational Indus., Inc.*, No. Civ.A. 01-7158, 2004 WL 96751, at *2 (E.D. Pa. Jan. 15, 2004) (denying motion to bifurcate in part because, although damages determination would involve utilization of a "reasonable royalty" test and a "lost profits" analysis, defendants "ha[d] failed to indicate why the presentation of damages evidence would be any more complex than in the typical patent case").[2]

In fact, were Microsoft's motion granted, the prejudice would be against Sentius because bifurcation would "unduly extend the final disposition of this case." *H.B. Fuller Co. v. National Starch & Chemical Corp.*, 595 F. Supp. 622, 625, 225 U.S.P.Q. (BNA) 436 (D. Del. 1984). Moreover, Sentius would have to incur the additional expense of obtaining and presenting evidence and witnesses twice, a result not equitable here. *Apollo Computer*, 707 F. Supp. at 1434.

### III.   CONCLUSION

For the foregoing reasons, Sentius respectfully requests that the court deny Microsoft's motion for a bifurcated trial.

Dated:  December 30, 2014               SUSMAN GODFREY L.L.P.

                                        By: */s/ Krysta Kauble Pachman*
                                            Steven G. Sklaver (SBN 237612)
                                            Krysta Kauble Pachman (SBN 280951)
                                            Meng Xi (SBN 280099)
                                            SUSMAN GODFREY L.L.P.
                                            1901 Avenue of the Stars, Suite 950
                                            Los Angeles, CA 90067
                                            Telephone:  (310) 789-3100

---

[2] Further, the instant case is distinguishable from *Amylin Pharm. Inc. v. Regents of Univ. of Minnesota*, 1998 WL 35031973 (S.D. Cal. Jan. 13, 1998) and *B. Braun Med. Inc. v. Abbott Labs.*, 1994 WL 468155 (E.D. Pa. Aug. 29, 1994), cited by Microsoft, insofar as Microsoft has failed to demonstrate any complexity that would warrant bifurcation.

| | |
|---|---|
| 1 | Email: ssklaver@susmangodfrey.com |
|   | Email: kpachman@susmangodfrey.com |
| 2 | Email: mxi@susmangodfrey.com |

Max L. Tribble *(Pro Hac Vice)*
Vineet Bhatia *(Pro Hac Vice)*
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Email: mtribble@susmangodfrey.com
Email: vbhatia@susmangodfrey.com

Seth Ard *(Pro Hac Vice)*
SUSMAN GODFREY L.L.P.
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336-8330
Email: sard@susmangodfrey.com

Sandeep Seth (SBN 195914)
SETH LAW OFFICES
Two Allen Center
1200 Smith St., Suite 1600
Houston, TX 77002
Telephone: 713-353-8847
Email: ss@sethlaw.com

*Attorneys for Plaintiff*
*Sentius International, LLC*