UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, | Case No. 5:13-cv-00825-PSG |
| Plaintiff, | **OMNIBUS ORDER RE: MOTIONS TO SEAL** |
| v. | |
| MICROSOFT CORPORATION, | **(Re: Docket Nos. 145, 149, 151, 153, 161)** |
| Defendant. | |

Before the court are five administrative motions to seal 44 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1

Case No. 5:13-cv-00825-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd*., 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motion as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 145 | Opposition to Defendant's Daubert Motion to Exclude Testimony of Sentius' Survey Expert, Dr. William Wecker | • Page 7:10-11: "would have…revenue" SEALED<br>• All other designations UNSEALED | Only sealed portions narrowly tailored to confidential business operations. |
| 145 | Exhibit C<br>(Docket No. 145-8) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 145 | Exhibit D<br>(Docket No. 145-9) | • ¶¶ 146-147 SEALED including:<br>  ▪ Chart on page 88 SEALED<br>  ▪ Footnotes SEALED<br>• Pages 90-103 UNSEALED<br>• ¶ 176 – end of page 108 SEALED except:<br>  ▪ ¶ 176 "The income…combination thereof." UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 145 | Exhibit M<br>(Docket No. 145-10) | UNSEALED | No declaration in support filed with the court as required by |

---

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).  The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days.  As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

3
Case No. 5:13-cv-00825-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | Civ. L.R. 79-5(e)(1). |
|---|---|---|---|
| 149 | Opposition to Defendant's Motion to Phase Trial | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 149 | Exhibit A (Docket No. 149-7) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 149 | Exhibit B (Docket No. 149-8) | SEALED | Narrowly tailored to confidential business information. |
| 151 | Opposition to Defendant's Motion for Summary Judgment of No Infringement | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 1 (Docket No. 151-7) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 2 (Docket No. 151-9) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 3 (Docket No. 151-11) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 4 (Docket No. 151-13) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 5 (Docket No. 151-15) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 6 (Docket No. 151-17) | UNSEALED | Declaration as filed insufficient to support sealing under Civ. L.R. 79-5(d)(1)(A). |

| 151 | Exhibit 8 (Docket No. 151-20) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
|---|---|---|---|
| 151 | Exhibit 9 (Docket No. 151-22) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 10 (Docket No. 151-24) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 11 (Docket No. 151-26) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 12 (Docket No. 151-28) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 13 (Docket No. 151-30) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 14 (Docket No. 151-32) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 15 (Docket No. 151-34) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 16 (Docket No. 151-36) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 17 (Docket No. 151-38) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 61 (Docket No. 151-83) | UNSEALED | Declaration as filed insufficient to support sealing under |

| | | | Civ. L.R. 79-5(d)(1)(A). |
|---|---|---|---|
| 151 | Exhibit 62 (Docket No. 151-85) | UNSEALED | Declaration as filed insufficient to support sealing under Civ. L.R. 79-5(d)(1)(A). |
| 151 | Exhibit 66 (Docket No. 151-90) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 67 (Docket No. 151-92) | UNSEALED | Declaration as filed insufficient to support sealing under Civ. L.R. 79-5(d)(1)(A). |
| 151 | Exhibit 68 (Docket No. 151-94) | UNSEALED | Declaration as filed insufficient to support sealing under Civ. L.R. 79-5(d)(1)(A). |
| 151 | Exhibit 69 (Docket No. 151-96) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 70 (Docket No. 151-98) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 71 (Docket No. 151-100) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 72 (Docket No. 151-102) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 73 (Docket No. 151-104) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 74 | UNSEALED | No declaration in support filed with the |

6

Case No. 5:13-cv-00825-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | (Docket No. 151-106) | | court as required by Civ. L.R. 79-5(e)(1). |
| 151 | Exhibit 75 (Docket No. 151-108) | UNSEALED | Declaration as filed insufficient to support sealing under Civ. L.R. 79-5(d)(1)(A). |
| 151 | Declaration of Vijay Madisetti in Support of Opposition to Defendant's Motion for Summary Judgment of No Infringement | UNSEALED | Not narrowly tailored to confidential business information. |
| 151 | Exhibit A (Docket Nos. 151-112 to 151-116) | UNSEALED | Not narrowly tailored to confidential business information. |
| 153 | Memorandum of Law in Opposition to Defendant's Daubert Motion to Exclude Testimony or Sentius' Damages Expert, Robert Mills | • Page 3:22-4:1 SEALED<br>• Page 6:13-28 (including footnotes 1-3) SEALED<br>• Page 11:20-28 (footnote 7) SEALED<br>• Page 4:23-24 SEALED<br>• Page 5:2-3 "Dividing" until "After thoroughly" SEALED<br>• Page 19:2 SEALED<br>• All other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 153 | Exhibit A (Docket No. 153-9) | UNSEALED | Not narrowly tailored to confidential business information. |
| 153 | Exhibit B (Docket No. 153-10) | • Pages 79:24-80:40 SEALED<br>• Page 97:13-14 SEALED<br>• Page 98:6-11 SEALED<br>• All other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 153 | Exhibit C (Docket No. 153-11) | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 161 | Defendant's Reply in Support of its Daubert Motion to Exclude Testimony of Sentius' Damages Expert, Robert | All designations highlighted in yellow SEALED | Narrowly tailored to confidential business information. |

| | | | |
|---|---|---|---|
| | Mills | | |
| 161 | Exhibit AN (Docket No. 161-6) | All designations highlighted in yellow SEALED | Narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: January 15, 2015

*/s/ Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge